McKinney, J.,
delivered the opinion of the Court.
At the May Term, 1856, of the Circuit Court of Monroe, the plaintiff in error, and one Hensley, entered into recognizance in the sum of fifteen hundred dollars, for the appearance of one Morgan, at the next term of the Court, to wit: the September Term, 1856; to answer a charge “ for passing counterfeit bank bills/’ of which he stood indicted in said Court. Morgan failed to appear, and a judgment nisi was rendered against his bail. Two writs of scire facias were issued thereon, both of which were served on the plaintiff in error, and returned “not found,” as to Hensley.
Devine pleaded, among other matters, not necessary to be noticed, in substance, that after their undertaking for his appearance, and before the ensuing term, at *625 which, he was required to appear, Morgan was arrested in Henderson county, North Carolina, upon a charge of felony committed in said county and State; and was in custody of the sheriff, upon said charge of felony at the time the forfeiture, in the scire facias mentioned, was tahen against his hail; whereby the appearance of said Morgan was prevented, &c.
To this plea, there was a demurrer, which was sustained ; and this is assigned for error.
The judgment on the demurrer was correct.
The plea is had. Eirst: It may he true, as alleged in the plea, that at the time the judgment nisi was rendered against the hail, Morgan may have been in confinement, in another State; and it may also be true, that before the final judgment on the scire facias, which was at January Term, 1858, he may have been discharged, and at liberty to appear. If it were conceded, therefore, that the arrest of Morgan, in another State, might constitute a good defense for the bail, the plea is essentially defective, because it does not show that the bail might not have surrendered him at a time subsequent to the judgment nisi, and before final judgment.
Secondly: But we are of the opinion, that the arrest and imprisonment of the principal in another State, or Government, for an offense committed in the latter place, after the recognizance entered into here, is no excuse for the failure of the bail to surrender him at the time and place stipulated. In legal contemplation, upon the recognizance being entered into, the principal was delivered into the “ friendly custody” of his sureties, instead of being committed to prison. 4 Bl. Com., 301. The sureties had control of his person; they were bound *626 at their peril, to keep him within the jurisdiction, and to have his person ready to surrender when demanded. If apprehensive for their own safety, they had the right to arrest and commit him to prison, at any time, so as to have him forthcoming to answer the charge of which he had been indicted, as they had voluntarily undertaken to do. And if they negligently permitted him to go beyond their reach, it was their own folly, and they must abide the consequences.
The case of The State vs. Allen, 2 Humph., 258, to which we have been referred, is very different from this. In that case, it was very properly held, that inasmuch as the State, through the action of the Executive Department of the government, had taken the principal out of the hands of the sureties, and delivered him to the authorities of a foreign State, thereby placing •it beyond the power of the sureties to surrender him, the State was precluded from exacting the forfeiture in the face of its own act.
In the case before us, the failure of the sureties to surrender their principal, was in view of the law, the result of their own negligence, or connivance, in suffering their principal to go beyond the jurisdiction of the Court, and from under their control.
Judgment affirmed.